FILED

05/04/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0437

DA 20-0437

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 107N

OFFICE OF ADMINISTRATIVE HEARINGS:

FRANCIS A. BOLTON, JOSHUA N. BOLTON,
TIM J. BYRNES, SHAWN COATES, DANIEL F.
EMETT, MICHAEL L. GIACOMINO, ROBERT
W. KENT, KEVIN S. LANE, JACOB S. PETERSEN,
DANIEL J. POWERS, MARK J. POWERS,
KEVIN J. SEYMOUR, DAVID B. STARCEVICH,
JESSE E. TRACY, CLARK R. WARD, and
RYAN P. ZEMLJAK,

        Claimants and Appellants,

    and

BUTTE SILVER BOW PUBLIC WORKS,
WATER UTILITY DIVISION,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Second Judicial District,
                In and For the County of Butte/Silver Bow, Cause No. DV-19-124
                Honorable Robert Joseph Whelan, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                Wade J. Dahood, Jeffrey W. Dahood, Knight & Dahood, Anaconda,
                Montana

        For Appellee:

                Cynthia L. Walker, Poore, Roth & Robinson, P.C., Butte, Montana

                      Submitted on Briefs:  March 24, 2021

                                Decided:  May 4, 2021

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Current and former laborers (collectively, Appellants), employed in Butte-Silver Bow County's Water Utility Division (BSB), appeal a judgment from the Second Judicial District Court, Butte-Silver Bow County, which affirmed the Final Agency Decision that Appellants were not "on call" and had been properly compensated. We affirm.

¶3     In May 2015, Appellants filed a grievance under the grievance procedure of their Collective Bargaining Agreement (CBA). The basis of their grievance was that in November 2014, the Butte-Silver Bow Public Works Director unilaterally changed their schedules without their consent and without negotiating with their Union. The change required Appellants to take a 30-minute unpaid lunch break. The grievance was denied by BSB in June 2015, and no further action was taken under the grievance procedure by Appellants. In May 2017, Appellants filed wage claims with the Montana Department of Labor and Industry alleging they were owed one hour of overtime compensation for each shift from November 1, 2014, to May 2017. The claims were closed because the Wage and Hour Unit lacked jurisdiction under the CBA.

3

¶4     In January 2018, Appellants requested their claims be reopened for review, again alleging they had worked through their lunch breaks and were owed overtime. Specifically, Appellants asserted they were not completely relieved of duty during their lunch breaks because they were still "on call." The Wage and Hour Unit concluded the wage claims sought overtime for lunch breaks in which Appellants were completely relieved of their duties; concluded it did not have the proper authority to enforce the CBA; and dismissed the wage claims. Appellants asked for a redetermination and the claims were again dismissed.

¶5     Appellants appealed the dismissal of their wage claims and a contested hearing was scheduled. BSB moved for summary judgment asserting: (1) the Wage and Hour Unit did not have jurisdiction over the matter; (2) the undisputed facts established Appellants were completely relieved of duty and that they were paid for all hours worked; (3) that Appellants failed to exhaust their remedies under the grievance procedure of the CBA; and (4) Appellants' wage claims were time-barred pursuant to § 39-3-207(1), MCA. BSB also sought to exclude Appellants' expert witness. On November 9, 2018, BSB's motion for summary judgment was denied; however, the motion to exclude Appellants' expert witness was granted.[1]

---

[1] The issue of whether the Hearing Officer's decision to exclude Appellants' expert witness was clearly erroneous is not an issue before this Court on appeal. However, we note Appellants' expert was to testify regarding whether BSB's actions were a violation of the CBA, and not to testify regarding statutory wage and hour issues. The Hearing Officer properly excluded the expert witness and determined his opinions regarding whether BSB's unilateral change without negotiating with the Union was justified had no bearing on whether the Appellants performed work during their 30-minute lunch period for which they were not compensated in violation of Montana's Wage Protection Act or the Fair Labor Standards Act.

¶6     A hearing was held before a Hearing Officer on November 14, 2018. The Hearing Officer determined that Appellants completed and signed daily timecards setting forth the hours worked in a day, which were then turned in to payroll for approval. Further, Appellants failed to present any testimony or evidence proving they were "on call," or engaged to wait during their 30-minute unpaid lunch, or establishing any date on which they were required to work during their break and were not compensated. Appellants filed a Petition for Judicial Review on October 22, 2019, in the District Court. Oral argument was held on June 18, 2020. The District Court issued an order affirming the Final Agency Decision issued by the Hearing Officer on July 16, 2020. On appeal, this Court must decide whether the District Court correctly affirmed the Final Agency Decision issued by the Hearing Officer.

¶7     This Court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. Section 2-4-704(2), MCA. This Court reviews the agency decision to determine whether the findings of fact are clearly erroneous and whether the agency correctly interpreted the law. *Mont. Solid Waste Contractors, Inc. v. Mont. Dep't of Pub. Serv. Regulation*, 2007 MT 154, ¶ 16, 338 Mont. 1, 161 P.3d 837. A finding of fact is clearly erroneous: (1) if the finding is not supported by substantial evidence in the record; (2) if the fact finder misapprehended the effect of the evidence; or (3) if a review of the record leaves the Court with a definite and firm conviction that a mistake has been made. *Owens v. Mont. Dep't of Revenue*, 2007 MT 298, ¶ 13, 340 Mont. 48, 172 P.3d 1227. "Administrative findings of fact may not be disturbed on judicial review if they are supported by substantial evidence in the record."

5

*Peretti v. Dep't of Revenue*, 2016 MT 105, ¶ 18, 383 Mont. 340, 372 P.3d 447. "Substantial evidence is more than a mere scintilla of evidence but may be less than a preponderance of the evidence." *Peretti*, ¶ 18. If substantial credible evidence exists to support the findings of the trier of fact, the Court may not re-weigh the evidence, but instead must defer to the hearing examiner. *Benjamin v. Anderson*, 2005 MT 123, ¶ 37, 327 Mont. 173, 112 P.3d 1039. In reviewing an agency's conclusions of law, the Court must determine whether the agency's interpretation and application of the law are correct. *Knowles v. State ex rel. Lindeen*, 2009 MT 415, ¶ 22, 353 Mont. 507, 222 P.3d 595.

¶8 The District Court was correct to affirm the Hearing Officer's decision which found that Appellants did not exhaust the grievance procedures within the CBA. Grievance procedures provided for in the CBA must be exhausted when resolving disputes between employers and employees involving alleged violations or interpretation of the CBA. *Klein v. State*, 2008 MT 189, ¶ 11, 343 Mont. 520, 185 P.3d 986. The District Court correctly concluded Appellants failed to exhaust the five-step grievance procedure listed in the CBA. The District Court was also correct that the Wage and Hour Unit's jurisdiction was limited to violations of the Montana Wage Protection Act and the Fair Labor Standards Act.

¶9 At issue here is whether the Hearing Officer correctly determined that Appellants were not "on call" during their 30-minute unpaid lunch breaks. "Periods during which an employee is completely relieved from duty and which are long enough to enable him to use the time effectively for his own purposes are not hours worked." Admin. R. M. 24.16.1005(6)(a) (1972). "Ordinarily 30 minutes or more is long enough

6

for a bona fide meal period." Admin. R. M. 24.16.1006(2)(a) (1972). Time spent waiting "on call" is compensable if the waiting time is spent "primarily for the employer's benefit and his business." *Stubblefield v. Town of W. Yellowstone*, 2013 MT 78, ¶ 17, 369 Mont. 322, 298 P.3d 419. "Whether time is spent predominately for the employer's benefit or for the employee's is a question dependent upon all the circumstances of the case." *Stubblefield*, ¶ 17. "The key is whether the employee was engaged to wait, which is compensable, or whether the employee waited to be engaged, which is not compensable." *Stubblefield*, ¶ 17. The following factors are used to determine whether someone is engaged to wait or waiting to be engaged: (1) the extent to which there was an on-premises living requirement; (2) the extent to which there were excessive geographical restrictions on employee movements; (3) the extent to which the frequency of calls was unduly restrictive; (4) the extent to which a fixed time limit for on call response was unduly restrictive; (5) the extent to which employees could easily trade on call responsibilities; (6) the extent to which the use of a pager or cell phone could ease restrictions; (7) the duration and danger of calls; (8) the extent to which employees benefitted financially from the on call policy; (9) the extent to which the policy was based upon an agreement between the parties; (10) the extent to which on call employees engaged in personal activities during on call time. *Stubblefield*, ¶ 17.

¶10 The Hearing Officer found all the factors weighed in BSB's favor. The Hearing Officer concluded Appellants did not provide any evidence that they were not completely relieved of duty during the 30-minute unpaid lunch break or that they performed work for which they were not compensated. Appellants' timecards and paystubs established they

7

recorded all hours worked, they had been paid, and that they were not owed any wages. The record establishes that the Hearing Officer correctly concluded Appellants were not "on call," or engaged to wait during their 30-minute unpaid lunch break, and thus were fully compensated. There is substantial evidence that established Appellants were permitted to spend their break for their own purposes; they were not required to stay on-site; and, on the rare occasion when they were required to perform work during their breaks, they were compensated with overtime pay for the time worked. For these reasons, this Court concludes the District Court correctly affirmed the Hearing Officer's decision finding that Appellants were not "on call" and, if so, were properly compensated.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶12 Affirmed.

/S/ LAURIE McKINNON

We concur:

/S/ MIKE McGRATH
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER

8